480 P.2d 690

In the Matter of the ESTATE of William Thomas KOGLIN, Deceased.

Anthony F. AVALLONE, Claimant-Appellant,

v.

Edith C. KOGLIN, Executrix-Appellee.

No. 9125.

Supreme Court of New Mexico.

Feb. 1, 1971.

Anthony F. Avallone, pro se.

Frazier, Cusack & Schnedar, Roswell, for executrix-appellee.

OPINION

TACKETT, Justice.

This is an appeal from an order of the District Court of Chaves County, New Mexico, which dismissed an appeal from the Probate Court of that county.

The facts are that Edith C. Koglin was appointed executrix under the will of William Thomas Koglin on January 8, 1968. The first publication of such appointment was on January 11, 1968. A claim against Koglin's estate was filed by Avallone on June 10, 1968, but notice of hearing on the claim was not given within six months, as required by § 31-8-3, N.M.S.A. (1953 Comp.). The probate judge denied the claim. Avallone gave notice of appeal to the district court on January 14, 1970.

By his order of June 15, 1970, Judge Reese held that there was no notice of hearing on the claim within six months from the date of the first publication, and further held that the court did not have jurisdiction to hear the appeal, as it was brought more than twelve months after the date of the first publication of notice of appointment of the executrix. The district court did not err in dismissing the appeal, as § 16-4-18, N.M.S.A. (1953 Comp.), allows ninety days to appeal a decision of the probate court. Levers v. Houston, 49 N.M. 169, 159 P.2d 761 (1945).

This court considered the very same issue as is now before us in the case of In re Estate of Welch, 80 N.M. 448, 457 P.2d 380 (1969), wherein we held:

"There are two mandatory steps claimant must take if he would have his claim allowed: (a) Filing a claim; and (b) notice of hearing thereon. We have held that both of these requirements must be met; otherwise, the claim is barred. * * *"

Avallone complied with requirement (a), supra, but failed in requirement (b), supra.

The judgment is affirmed.

It is so ordered.

COMPTON, C. J., and McMANUS, J., concur.